# UNITED STATES DISTRICT COURT
## IN THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

Caesarea James,

      Plaintiff,

vs.

CEO of DLJ Mortgage, et al,

      Defendants.

Case No. 13-13936

Hon. David M. Lawson

---

| | |
|---|---|
| Caesarea Develle James, Jr. #19251-039<br>Morgantown Federal Correctional Institution<br>P.O. Box 1000<br>Morgantown, WV 26507 | Laura C. Baucus (P56932)<br>Samantha L. Walls (P75727)<br>Counsel for DLJ Mortgage Capital, Inc.<br>DYKEMA GOSSETT PLLC<br>39577 Woodward Ave., Suite 300<br>Bloomfield Hills, MI 48304<br>(248) 203-0700 |

---

## DEFENDANT DLJ MORTGAGE CAPITAL, INC.'S MOTION FOR CONFIRMATION OF AND/OR EXTENSION OF TIME TO FILE ITS FIRST RESPONSIVE PLEADING

Defendant DLJ Mortgage Capital Inc., improperly sued here as "CEO of DLJ Mortgage Capt'l Corp." ("Defendant"),[1] through counsel Dykema Gossett

---

[1] It is unclear who or what entity Plaintiff is seeking to sue here, as he does not identify a specific person's name, but states "CEO of DLJ". As such, Defendant interprets the Complaint as attempting to state allegations against DLJ Mortgage Capital Inc. To the extent that the Complaint may be interpreted as attempting to allege claims against any person affiliated with Defendant, the Complaint fails as it does not identify the name of a specific person, and, in any event, there is no person affiliated with Defendant who has the title of "CEO". Nevertheless, out of an abundance of caution, to the extent that the Complaint may be construed as requiring a response from some unidentified officer or other person affiliated with

PLLC, moves this Court pursuant to Fed. R. Civ. P. 6(b)(1)(A) for an order confirming and/or extending the time within which Defendant must answer, move, or otherwise plead in response to Plaintiff Caesarea James' ("Plaintiff's") Complaint by thirty (30) days. In support of its Motion, Defendant relies upon the rules, law, and argument set forth in the accompanying Brief in Support.

On or about September 13, 2013, Plaintiff filed his Complaint in this Court. On or about February 14, 2014, Plaintiff purported to serve Defendant, but service was not properly effectuated. Although service was not proper, out of an abundance of caution, Defendant requests an order confirming and/or extending the deadline by which it must respond to Plaintiff's Complaint by thirty (30) days.

WHEREFORE, Defendant respectfully requests that the Court enter an Order allowing Defendant to respond to Plaintiff's Complaint within thirty (30) days of an order allowing same.[2]

---

Defendant, it is noted that such person does not concede the personal jurisdiction of this Court and appears in this action for the limited purpose of contesting personal jurisdiction. Such person would expressly reserves his or her right to file a motion to dismiss and to raise any defenses, including but not limited to, the defense for lack of personal jurisdiction pursuant to Rule 12(b)(1) and also seeks to confirm a first responsive pleading date of at least thirty (30) days from the date of an order on this Motion for the reasons identified herein.

[2] Pursuant to LR 7.1, counsel for Defendant sent a letter to Plaintiff seeking concurrence in this Motion, but were unable to hold a conference because Plaintiff is currently incarcerated.

BH01\1994403.1
ID\SLW - 086348\0999

        Respectfully submitted,

        DYKEMA GOSSETT PLLC

        By: /s/Samantha L. Walls
            Laura C. Baucus (P56932)
            Samantha L. Walls (P75727)
            Counsel for DLJ Mortgage Capital, Inc.
            DYKEMA GOSSETT PLLC
            39577 Woodward Ave., Suite 300
            Bloomfield Hills, MI 48304
            (248) 203-0700

Date: March 14, 2014

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•39577 WOODWARD AVENUE, SUITE 300•BLOOMFIELD HILLS, MICHIGAN 48304

BH01\1994403.1
ID\SLW - 086348\0999

## UNITED STATES DISTRICT COURT
## IN THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Caesarea James,

    Plaintiff,                      Case No. 13-13936

vs.                               Hon. David M. Lawson

CEO of DLJ Mortgage, et al,

    Defendants.

---

| | |
|---|---|
| Caesarea Develle James, Jr. #19251-039<br>Morgantown Federal Correctional Institution<br>P.O. Box 1000<br>Morgantown, WV 26507 | Laura C. Baucus (P56932)<br>Samantha L. Walls (P75727)<br>Counsel for DLJ Mortgage Capital, Inc.<br>DYKEMA GOSSETT PLLC<br>39577 Woodward Ave., Suite 300<br>Bloomfield Hills, MI 48304<br>(248) 203-0700 |

---

## BRIEF IN SUPPORT OF DEFENDANT DLJ MORTGAGE CAPITAL, INC.'S MOTION FOR CONFIRMATION OF AND/OR EXTENSION TIME TO FILE ITS FIRST RESPONSIVE PLEADING

## QUESTION PRESENTED

1. Should the Court confirm and/or extend the deadline for Defendant to respond to Plaintiff's Complaint by thirty (30) days?

Defendant answers "yes."

Plaintiff would answer "no."

The Court should answer "yes."

## CONTROLLING AND MOST APPROPRIATE AUTHORITY

Fed. R. Civ. P. 6(b)(1)(A)

## INTRODUCTION

Defendant respectfully requests that this Court enter an order confirming and/or extending the deadline for Defendant to respond to Plaintiff's Complaint by thirty (30) days. Good cause exists for the requested extension because Defendant was not properly served and Defendant requires additional time to investigate Plaintiff's claims.

## FACTUAL BACKGROUND

On or about September 13, 2013, Plaintiff commenced this action against Defendant and several other parties in this Court. Defendant received a copy of Plaintiff's Summons and Complaint on or about February 14, 2014.

However, Defendant was not properly served. Upon information and belief, the Summons and Complaint were mailed to Defendant's principal place of business located at 11 Madison Avenue, New York, NY 10010.[3] As discussed in the argument section below, this mailing did not constitute effective service.

Although Defendant was not properly served, it is filing this Motion out of an abundance of caution to seek and/or confirm a first responsive pleading deadline in order to protect and preserve its rights. Additionally, Defendant files this motion to allow for further fact-gathering and examination of Plaintiff's

---

[3] The Proof of Service filed with this Court by the U.S. Marshall does not identify how service was effectuated as required. See **Exhibit A**, Proof of Service filed with the Court.

BH01\1994403.1
ID\SLW - 086348\0999

Complaint, which is handwritten, approximately fifty pages and in many parts illegible and incomprehensible.

## ARGUMENT

The Court may extend a response date either on its own or upon a request made before the time to act has expired. *See* Fed. R. Civ. P. 6(b)(1)(A). Here, the time for filing a response to the Complaint has not yet expired because Defendant has not yet been properly served. Pursuant to Fed. R. Civ. P. 4(h)(1), a corporation may be served:

> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant[.]

Sending a copy of a Summons and Complaint via mail does not comport with Rule 4(h)(1)(B), which requires personally delivering such documents to an "officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process..." Fed. R. Civ. P. 4(h)(1)(B). Such process did not occur here, where no personal service occurred. In any event, the mail was addressed to the "CEO of DLJ", and there is no person at Defendant

BH01\1994403.1
ID\SLW - 086348\0999

with any such title. Such mailing could not constitute effective service for this reason alone. *See* footnote 1 to Motion, *supra*.

Likewise, mailing a copy of the Summons and Complaint to Defendant's New York address does not comport with Rule 4(e)(1), which permits service via the method provided by the applicable state court rule, which here is Michigan Court Rule 2.105(D). *See* Fed. R. C. P. 4(h)(1)(A) and 4(e)(1). Here, only mailing a copy of the Summons to Defendant's New York address does not comport with MCR 2.105(D)(1), which permits service by personally serving an officer or the resident agent. Additionally, only mailing a copy of the Summons and Complaint to Defendant's New York address does not comport with MCR 2.104(D)(2), which permits service by personally serving a director, trustee or other person in charge of an office AND by mailing a copy of the complaint via registered mail to the corporation's principal place of business.[4]

Finally, as noted in footnote 1 to the Motion, *supra*, there is no person at Defendant with the title "CEO" and therefore, no such person was or could be served. As such, the service of process rules for an individual as found in both the applicable federal and state court rules were not satisfied. *See* MCR 2.105(A) and Fed. R. Civ. P. (4)(e).

---

[4] MCR 2.104(D)(3) and (4) are not applicable.

BH01\1994403.1
ID\SLW - 086348\0999

Therefore, good cause exists for the extension because Defendant has not yet been properly served and seeks only to protect its interest. Additionally, good cause also exists because Defendant requires additional time to investigate the nature of Plaintiff's Complaint, which is handwritten, approximately fifty pages and in many parts illegible and incomprehensible.

## CONCLUSION AND RELIEF REQUESTED

For the foregoing reasons, Defendant respectfully requests that the Court enter an Order allowing Defendant to respond to Plaintiff's Complaint within thirty (30) days of an order allowing same.

                Respectfully submitted,

                DYKEMA GOSSETT PLLC

                By: /s/Samantha L. Walls
                    Laura C. Baucus (P56932)
                    Samantha L. Walls (P75727)
                    Counsel for DLJ Mortgage Corporation, Inc.
                    DYKEMA GOSSETT PLLC
                    39577 Woodward Ave., Suite 300
                    Bloomfield Hills, MI 48304
                    (248) 203-0700

Date: March 14, 2014

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•39577 WOODWARD AVENUE, SUITE 300•BLOOMFIELD HILLS, MICHIGAN 48304

BH01\1994403.1
ID\SLW - 086348\0999

## CERTIFICATE OF SERVICE

I hereby certify that on March 14, 2014, I filed the foregoing document with the ECF system, which will send notice to all attorneys of record. I also served the foregoing upon the following by first-class United States mail, with postage prepaid:

Caesarea Develle James, Jr. #19251-039
Morgantown Federal Correctional Institution
P.O. Box 1000
Morgantown, WV 26507

                                                      s/ Samantha L. Walls
                                                      Samantha L. Walls
                                                      Dykema Gossett PLLC
                            Attorneys for DLJ Mortgage Capital, Inc.

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•39577 WOODWARD AVENUE, SUITE 300•BLOOMFIELD HILLS, MICHIGAN 48304

BH01\1994403.1
ID\SLW - 086348\0999