UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAESAREA DEVELLE JAMES, JR.,

          Plaintiff,         Civil Action No. 13-cv-13936
                                 Honorable David M. Lawson
                                 Magistrate David R. Grand

   v.

CEO OF DLJ MORTGAGE
CAPT'L CORP., WMC MORTG.
CORP., DYKEMA LAW FIRM
MICH., MERS and MERS CORP.
HOLDING INC., MAIYA O. YANG
and NIGHT LOR, JONG-JU CHANG,
MICHAEL BLALOCK,
                 Defendants.
_____/

**ORDER GRANTING DEFENDANT'S MOTION FOR EXTENSION
OF TIME TO FILE ANSWER [53] AND AMENDING CASE CAPTION**

On September 13, 2013, James filed a complaint in this Court alleging various violations of state and federal law arising out of the foreclosure and sale of his property. [1]. James attempted service on all Defendants by first-class mail, which was not the proper means of service for any of the Defendants in this case. [*See* Dkt. 33 n.1]. James filed a motion for summary judgment, premised upon all Defendants' apparent failure to respond to his complaint. [24]. This Court recommended that James's motion be denied but, in an Order issued the prior day, granted his alternative request for Marshal Service of his complaint and summons. [28, 29, 33, 34]. That Order also directed that defendants who resided out of state, including "the CEO of DLJ Mortgage Capt'l Corp." be served in the manner provided for in the applicable Federal or state rules. [33 n.1].

On March 14, 2014, DLJ Mortgage Capital Inc. ("DLJ Mortgage") appeared in this

action and moved for an extension of time to answer or otherwise plead. [52, 53]. After reading the complaint it believes that it (rather than the unidentified "CEO") is the proper defendant in this case and alleged that the complaint and summons were not properly served upon it pursuant to the Federal Rules or the Michigan Rules. It did not mention the alternative New York rules, but to the extent that the summons or complaint was meant to be served upon the corporation, the form of service executed would not have been effectual. N.Y. Ct. R. 311, 312-a. Nevertheless, DLJ Mortgage appears willing to waive any service issues; it merely seeks, in the instant motion, an extension of time to answer or otherwise plead in response to James' complaint. [53].

The Court concurs with DLJ Mortgage's interpretation of the complaint, as James seems to describe "Defendant CEO of DLJ Mortgage Capt'l Corp." as an **entity** (not a person) "organized and existing under the laws of the State of New York…with it's [sic] principal place of business in the City of N.Y.…operating as a subsidiary of Credit Suisse…" and made references to this corporation's alleged wrongful conduct in his complaint. (*See e.g.*, Compl., ¶ 2; Count III). Given the difficulties DLJ Mortgage may experience in responding to James' lengthy hand-written complaint, it finds good cause to grant its instant motion. Fed. R. Civ. P. 6(b)(1)(A).[1]

---

[1] Because James used the term "CEO of" in conjunction with describing the first defendant in this case, it remains unclear whether he intended to sue that person individually. To the extent he does intend to name such a person as a defendant, DLJ argues that the recent service attempt by the U.S. Marshals is ineffective for two reasons. First, it argues that service was improper because the "CEO" was never identified by name. The Court need not rule on this argument, though it notes that other courts have found that identifying the individual by his title may be sufficient for service of process, particularly where the title can only refer to a single person. *See Mason v. Doe #1*, No. 12-794, 2013 U.S. Dist. LEXIS 37413, *12 (W.D. Ky. Mar. 19, 2013) (finding identification of individual by title of "President" of company sufficient for purposes of service). *Cf. Muldrow v. S.C. Dept. of Probation*, 2013 WL 2635766, at *3 (D.S.C. June 12, 2013) (finding that identification of defendants as a particular person's "superiors" was insufficient). However, DLJ Mortgage's second argument is dispositive. It asserts that service on the unnamed "CEO" could not have been proper because it does not employ anyone with the

Accordingly, **IT IS ORDERED** that DLJ Mortgage's instant motion for extension of time **[53] IS GRANTED**. DLJ Mortgage shall have until **April 15, 2014** to answer or otherwise respond to James' complaint.

**IT IS FURTHER ORDERED** that, to the extent James intends to name as a defendant a person associated with DLJ Mortgage, he shall provide that person's name to the Court so that it can order Marshals service on him or her. **James shall have until April 15, 2014 to do so**.

**IT IS FURTHER ORDERED** that the caption in this action shall be amended by substituting Defendant "DLJ Mortgage Capital Inc." for Defendant "CEO of DLJ Mortgage Capt'l Corp." This amendment shall be without prejudice to James' rights described in the preceding paragraph.

Dated: March 18, 2014                     s/David R. Grand
Ann Arbor, Michigan                       DAVID R. GRAND
                                          United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S. C. §636(b)(1).

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record via email addresses the court has on file.

---

title "CEO." Accordingly, to the extent James intends to name as a defendant a person associated with DLJ Mortgage, he shall provide the name of that person to the Court so that it can order Marshals service on him or her. James shall have until April 15, 2014, to do so. Furthermore, the Court notes that no substantive appearance has been lodged on behalf of any such individual [53 at 1-2, fn. 1], and his/her time to answer or otherwise respond to James' complaint shall not commence until after service is properly effectuated.

s/Felicia M. Moses
FELICIA M. MOSES
Case Manager

Dated:  March 18, 2014