UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAESAREA DEVELLE
JAMES, JR.,

                 Plaintiff,               Civil Action No. 13-13936
                                          Honorable David M. Lawson
                                          Magistrate Judge David R. Grand

v.

CEO OF DLJ MORTGAGE
CAPT'L CORP., WMC MORTG.
CORP., DYKEMA LAW FIRM
MICH., MERS, MAIYA O. YANG
and NIGHT LOR, JONG-JU CHANG,
MICHAEL BLALOCK,

                   Defendants.
_____/

**REPORT AND RECOMMENDATION TO GRANT DEFENDANTS YANG AND LOR'S
MOTION FOR JUDGMENT ON THE PLEADINGS, OR IN THE ALTERNATIVE, TO
DISMISS THE COMPLAINT [88]**

**I.      RECOMMENDATION**

Before the Court is the motion of defendants Maiya O. Lang and Knight Lor ("defendants

Yang and Lor" or "defendants") for judgment on the pleadings, or in the alternative, to dismiss

the complaint. [88].  Plaintiff Caesarea James, Jr. ("plaintiff") filed a response [101], to which

defendants filed a reply. [104].  The motion has been referred to this Court for a Report and

Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  For the following reasons, the Court

RECOMMENDS that defendants' motion [88] be GRANTED.

**II.     REPORT**

    **A.     Background**

This case stems from the foreclosure sale of plaintiff's residential property located at

6925 Stone Drive in Independence, Michigan. In 2006, plaintiff took out a loan for $520,000 to purchase the property and executed a mortgage in favor of defendant Mortgage Electronic Registration Systems, Inc. ("MERS"). [47, Ex. 4 at 2]. During the next three years, MERS assigned the mortgage to WMC Mortgage Corporation ("WMC") who, in turn, assigned the mortgage to DLJ Mortgage Capital Corporation ("DLJ"). [*Id.*]. In 2010, plaintiff defaulted on the mortgage by failing to make his required loan payments. [*Id.* at 3]. DLJ foreclosed on the mortgage by advertisement and purchased the property at a sheriff's sale on April 27, 2010. [*Id.*]. Although plaintiff had six months from the date of the sale to redeem the property under Mich. Comp. Laws § 600.3240(8), he ultimately failed to do so. [*Id.*]. Plaintiff then challenged the validity of the foreclosure proceedings, the sheriff's sale, and his subsequent eviction in several state court actions.[1] After these efforts proved unsuccessful, DLJ sold the property to defendants and transferred ownership to them by a covenant deed dated December 22, 2011. [88, Ex. A].

On September 13, 2013, plaintiff commenced this action against defendants Yang and Lor and the other party defendants seeking, among other things, to set aside the sheriff's sale and the judgment of eviction. [1]. Insofar as plaintiff makes any intelligible claims against defendants Yang and Lor, it appears he is alleging that: 1) they knowingly participated in a fraudulent conveyance because a basic title search would have revealed that DLJ improperly foreclosed on the property; 2) they knew the mortgage documents were fraudulently executed; 3) they had a duty to disclose the fraudulent activities; and 4) their failure to do so evidences a conspiracy with the other defendants. [71]

In their instant motion, defendants Yang and Lor reiterate the arguments set forth in the dismissal motions of the other party defendants. Specifically, defendants Yang and Lor contend

---

[1] The details of the state court litigation are fully discussed in this Court's July 11, 2014 Report and Recommendation [85], and are incorporated by reference herein.

that: 1) the complaint should be dismissed pursuant to the *Rooker-Feldman* doctrine; 2) to the extent any of the claims against defendants are based upon Fed. R. Civ. P. 60(b)(3), these causes of action should be dismissed for lack of subject matter jurisdiction; and 3) the complaint should be dismissed under Fed. R. Civ. P. 8(a) since plaintiff's allegations lack the requisite specificity.[2]

## B.    Legal Standard

Fed. R. Civ. P. 12(b)(1) provides for the dismissal of an action where subject matter jurisdiction is lacking.   A Rule 12(b)(1) motion can either challenge the sufficiency of the pleading itself (a facial attack) or the factual existence of subject matter jurisdiction (factual attack).   *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994).   Courts have broad discretion with respect to what evidence they may consider when determining whether subject matter jurisdiction exists, including evidence outside the pleadings, and they have the power to weigh the evidence and determine the effect of that evidence on the court's authority to hear the case. *Id.*   Plaintiff bears the burden of establishing that subject matter jurisdiction exists.   *DLX, Inc. v. Commonwealth of Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004).

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests a complaint's legal sufficiency.   Under Fed. R. Civ. P. 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."   "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

---

[2] Although plaintiff moved to amend the complaint [90], the Court denied the motion on today's date on the ground of futility [110].   *See* Fed. R. Civ. P. 15(a); *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556.  Put another way, the complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly*, 550 U.S. at 555-56).

In deciding whether a plaintiff has set forth a "plausible" claim, a reviewing court must accept the factual allegations in the complaint as true.  *Id.*; *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  This tenet, however, "is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," to prevent a complaint from being dismissed on grounds that it fails to sufficiently comport with basic pleading requirements.  *Iqbal*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 555; *Howard v. City of Girard, Ohio*, 346 F. App'x 49, 51 (6th Cir. 2009).  Furthermore, a court is not required to "create a claim which [a plaintiff] has not spelled out in his pleading." *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Pleadings filed by *pro se* litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers.  *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007).  Nonetheless, "[t]he leniency granted to pro se [litigants] ... is not boundless." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004), and such "complaints still must plead sufficient facts to show a redressable legal wrong has been committed." *Baker v. Salvation Army*, No. 09-

11424, 2011 U.S. Dist. LEXIS 34441, at *7 (E.D. Mich. Mar. 30, 2011).

### C.    Analysis

To the extent plaintiff's allegations against defendants Yang and Lor target the validity of the sheriff's sale and the judgment of eviction, and/or seek to vacate any ruling of the state courts, his claims should be dismissed because they are barred by the *Rooker-Feldman* doctrine.[3] This jurisdictional limitation precludes federal district courts from entertaining "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).  The doctrine equally applies where a plaintiff complains of being injured by the challenged court decision itself, for instance, where "a state court judgment itself was [alleged to be] unconstitutional or in violation of federal law." *McCormick v. Braverman*, 451 F.3d 382, 394-95 (6th Cir. 2006).

However, the *Rooker-Feldman* doctrine does not bar all claims which merely relate to a prior state court proceeding.  *See Todd v. Weltman, Weinberg & Reis Co.*, 434 F.3d 432, 436–37 (6th Cir. 2006).  Rather, the doctrine precludes only those claims which allege harm arising out of a state court decision itself; stated otherwise, *Rooker-Feldman* bars actions where "the point of [the] suit is to obtain a federal reversal of a state court decision." *Givens v. Homecomings Fin.*, 278 F. App'x. 607, 609 (6th Cir.2008); *see also Brown v. First Nationwide Mortgage Corp.*, 206 F. App'x 436, 439 (6th Cir. 2006) ("[A] complaint in which the plaintiff contends he

---

[3] For the reasons discussed in more detail below, plaintiff's claims seeking money damages resulting from the alleged fraud and improper foreclosure are also barred by *Rooker-Feldman*. *See Bridgewater Operating Corp. v. Feldstein*, 346 F.3d 27, 29-30 (2d Cir. 2003) (a claim for money damages which is "inextricably intertwined" with issues previously decided by a state court is barred by the *Rooker-Feldman* doctrine).

5

was injured by the defendants, rather than by the state court decision itself, is not barred by *Rooker–Feldman*, even if relief is predicated on denying the legal conclusion reached by the state court.").

Plaintiff's contention that defendants Yang and Lor knew and, yet, failed to disclose that the other party defendants essentially lied their way into foreclosing on his property, presupposes that the mortgage foreclosure process was invalid from the start. Unfortunately for plaintiff, the state courts already decided this issue when they affirmed the foreclosure sale and issued a judgment of eviction against him. As a result, the *Rooker-Feldman* doctrine bars plaintiff from litigating claims in federal court that are premised on an allegation that defendants conspired in activities which the state courts have already concluded never occurred.[4] *See Kafele v. Lerner, Sampson & Rothfuss, L.P.A.*, 161 F. App'x 487, 490 (6th Cir. 2005) ("That the plaintiffs' claims are indeed 'inextricably intertwined' [with the state court judgment] is evident from the fact that there is simply no way for this or any other court to grant relief without disturbing the judgments of foreclosure entered by the state court").

Other courts in this district have reached the same conclusion in a litany of wrongful foreclosure cases. *See e.g., Davis v. U.S. Bank Nat. Ass'n.*, No. 10-13394, 2011 U.S. Dist. LEXIS 6790, at *12 (E.D. Mich. Jan. 25, 2011) ("Simply stated, Plaintiff invites this Court to

---

[4] Those claims that are not specifically precluded by *Rooker-Feldman* are nevertheless barred by the doctrine of *res judicata*. That doctrine applies where: "(1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first." *Adair v. State*, 470 Mich. 105, 121 (2004). All of these elements have been satisfied here. First, the state circuit court affirmed the foreclosure proceedings and subsequent sheriff's sale in part because plaintiff "failed to allege any of the requisite elements to support his fraud claims." [72, Ex. G at 10]. Second, DLJ was a party to the prior state court action and is in privity with defendants Yang and Lor because it sold the property to them. [88, Ex. A]. And third, plaintiff's instant claims are predicated upon the same allegations that he unsuccessfully advanced in the state circuit court against DLJ as he presently maintains that defendants Yang and Lor knowingly failed to disclose the purported fraudulent conduct of DLJ and the other party defendants.

relieve him from both the state district court judgment of possession and to find that the Wayne County Circuit Court erred in determining the validity of the sheriff's deed.  This, however, is exactly the type of appellate review that a federal district court may not conduct under *Rooker-Feldman*."); *Battah v. ResMAE Mortg. Corp.*, 746 F. Supp. 2d 869, 873 (E.D. Mich. 2010) ("Plaintiff lost a state court foreclosure and possession action, and the state court entered an order of eviction against him.  Any of Plaintiff's current claims which seek to disturb the state court judgments of foreclosure, possession, or eviction, are subject to the *Rooker-Feldman* doctrine."); *Burrows v. McEvoy*, No. 08-11697, 2008 U.S. Dist. LEXIS 94499, at *13-14 (E.D. Mich. Nov. 12, 2008) (finding plaintiff's claims barred by the *Rooker-Feldman* doctrine where plaintiff was seeking an injunction to prevent a state court ordered eviction and where she was claiming, among other things, that she had been deprived of property without due process of law, not properly notified of her appeal rights, and that evidence was fraudulently submitted in furtherance of the state court judgment).

Inasmuch as plaintiff seeks to set aside the state court judgments on the ground that defendants Yang and Lor colluded with the other defendants to work a "fraud upon the court", he may not avail himself of Fed R. Civ. P. 60(b)(3).  Rule 60(b) applies exclusively to "requests for relief from the federal district court's own decisions; it does not give the court jurisdiction to relieve a party from state court judgments."  *Mitchell v. Haas*, No. 13-14381, 2013 U.S. Dist. LEXIS 157451, at *2 (E.D. Mich. Nov. 4, 2013) (citing *Holder v. Simon*, 384 F. App'x 669, 669 (9th Cir. 2010)).[5]

## III.    CONCLUSION

For the foregoing reasons, the Court RECOMMENDS that the motion of defendants

---

[5] In view of the Court's ability to at least generally comprehend plaintiff's allegations, it does not believe that his claims are so indecipherable as to warrant dismissal under Fed. R. Civ. P. 8(a).

Yang and Lor for judgment on the pleadings, or in the alternative, to dismiss the complaint [88]

be GRANTED.

Dated: January 7, 2015                           s/David R. Grand
Ann Arbor, Michigan                              DAVID R. GRAND
                                                 United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and

Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as

provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).  Failure to file specific

objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140

(1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*,

638 F.2d 947, 949–50 (6th Cir.1981).  The filing of objections which raise some issues, but fail

to raise others with specificity, will not preserve all the objections a party might have to this

Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991);

*Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987).  Pursuant to

E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.  A

party may respond to another party's objections within 14 days after being served with a copy.

*See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1).  Any such response should be concise, and

should address specifically, and in the same order raised, each issue presented in the objections.

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record
via email addresses the court has on file.

                                                 s/Eddrey O. Butts
                                                 EDDREY O. BUTTS
                                                 Case Manager

Dated:  January 7, 2015

8