UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAESAREA JAMES,

    Plaintiff,

v.

    Case Number 13-13936
    Honorable David M. Lawson
    Magistrate Judge David R. Grand

DLJ MORTGAGE CAPITAL, INC.,
WMC MORTGAGE, LLC, DYKEMA
LAW FIRM, MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,
MAIYA O. YANG, NIGHT LOR, JONG-JU
CHANG, and MICHAEL BLALOCK,

    Defendants.

_____/

**ORDER ADOPTING REPORTS AND RECOMMENDATIONS, OVERRULING
PLAINTIFF'S OBJECTIONS, GRANTING DEFENDANTS' MOTIONS TO DISMISS
AND MOTION FOR JUDGMENT ON THE PLEADINGS, DENYING
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT,
AND DISMISSING CASE WITH PREJUDICE**

This case is before the Court on objections by the plaintiff to two reports filed by Magistrate Judge David R. Grand recommending that the defendants' case-dispositive motions be granted and the plaintiff's motion for summary judgment be denied. The plaintiff filed the present action on September 13, 2013 seeking: (1) relief under Federal Rule of Civil Procedure 60(b) from a state court judgment of possession in favor of the plaintiff's mortgage lender, which was entered after a foreclosure sale of his home; (2) recision of the allegedly fraudulently recorded mortgage and note against the plaintiff's property; (3) statutory damages under the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, for collection of a false or fraudulent debt; (4) damages and injunctive relief under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1964, based on an alleged conspiracy among the defendants to commit "fraud upon the court" during the

foreclosure and eviction proceedings; (5) compensatory damages in excess of $19 million for the "theft" of the plaintiff's home and assorted items of personal property allegedly contained therein at the time of the foreclosure, including "intellectual property" in the form of computer software and an extensive comic book collection; and (6) punitive damages in excess of $12 million. The case was referred to United States Magistrate Judge David R. Grand to conduct all pretrial proceedings. Thereafter, the plaintiff filed a motion for summary judgement seeking judgment as a matter of law on all of the twenty-four claims raised in the complaint. The defendants, in several groups, filed motions seeking dismissal of the complaint in its entirety under Federal Rule of Civil Procedure 12(b)(1), 12(b)(6), and 12(c). On July 11, 2014, Magistrate Judge Grand filed a report in which he recommended that the Court deny the plaintiff's motion for summary judgment and grant the motions to dismiss filed by defendants Dykema Law Firm, Michael Blalock, Jong Ju Chang, WMC Mortgage, LLC, Mortgage Electronic Registration Systems, Inc., and DLJ Mortgage Capital, Inc. On January 7, 2015, the magistrate judge filed a second report in which he recommended that the Court grant the motion for judgment on the pleadings filed by defendants Night Lor and Maiya O. Yang. The plaintiff filed timely objections to both of those recommendations and the matter is before the Court.

I.

The magistrate judge summarized the facts of the case as disclosed by the pleadings and motion papers. They need not be repeated here, except to note that the plaintiff is challenging the foreclosure of a mortgage on residential property in Clarkston, Michigan. The plaintiff obtained a $520,000 mortgage in 2006, and defaulted on the loan in 2010 after making only one payment in two and one-half years. Foreclosure proceedings ensued, which resulted in a sheriff's sale, expiration

of the redemption period, sheriff's deed, a state court lawsuit against the various mortgage lenders and servicers, and eviction proceedings, all of which resulted in adverse judgments against the plaintiff. The plaintiff filed the present lawsuit after he began serving a 51-month federal sentence for mortgage fraud, related in part to the Clarkston property.

Addressing the various defendants' motions to dismiss filed under Rule 12(b), Judge Grand suggested that the plaintiff's claims in this case amounted to a thinly-veiled attempt to seek review of the adverse state court proceedings, and therefore this Court had no subject matter jurisdiction under the *Rooker-Feldman* doctrine. Moreover, even if subject matter jurisdiction existed, the magistrate judge suggested, the claims would be barred by the doctrines of claim preclusion or issue preclusion. He also concluded that the counts based on Federal Rule of Civil Procedure 60(b) failed to state actionable claims because they sought relief other than relief from a prior judgment, and the case was not filed in the same court that rendered the challenged judgment. Based on those conclusions, Judge Grand reasoned that the plaintiff's motion for summary judgment could not succeed. The magistrate judge reached the same conclusions on the motion by defendants Lor and Yang for judgment on the pleadings under Rule 12(c). He recommended that the case be dismissed with prejudice against all defendants.

The plaintiff filed substantially the same objections to each report and recommendation. The objections, like most of the plaintiff's earlier filings, mostly consist of extended quotations of statutes, court rules, and case law relating to various subjects, only some of which are relevant to plaintiff's claims and the magistrate judge's findings and conclusions. The Court will address the salient points stated within each objection, listing them in the order they were presented in the longer

of the two filings, and combining the treatment of substantially duplicative objections raised in both filings.

## II.

The filing of timely objections to a report and recommendation requires the Court to "make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review requires the Court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

"The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues — factual and legal — that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985). As a result, "'[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

### A.

In his first objection, the plaintiff argues that the magistrate judge erred in failing to afford him the generosity of construction due to the pleadings of a *pro se* party, and that under such an indulgent review the complaint states several plausible claims for relief. The plaintiff further

-4-

contends that, to the extent his pleadings were deemed insufficient, the magistrate judge erred by denying his motion for leave to file an amended complaint to cure the deficiencies.

Contrary to the plaintiff's position, the magistrate afforded substantial latitude to the plaintiff in attempting to discern any viable claim for relief from the extensive and somewhat hard-to-follow pleadings. The magistrate judge attributed to the complaint exactly the claims that the plaintiff contends he has attempted to plead, including, most prominently, the central claim of "fraud on the court." However, "[t]he leniency granted to *pro se* [litigants] . . . is not boundless." *Martin v. Overton*, 391 F.3d. 710, 714 (6th Cir. 2004). Although a *pro se* litigant's complaint is to be construed liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the complaint still must plead facts sufficient to show a redressable legal wrong has been committed, Fed. R. Civ. P. 12(b)(6); *Dekoven v. Bell*, 140 F. Supp. 2d 748, 755 (E.D. Mich. 2001). Even under the most charitable construction, the complaint here fails to set forth any such claim.

Moreover, in response to the motion for a more definite statement filed by defendants Night and Lor, the magistrate judge did allow the plaintiff to file a first amended complaint [dkt. #69], to attempt to clarify the insufficient allegations. The factual allegations set forth in the plaintiff's proposed second amended complaint [dkt. #90] are materially indistinguishable from those set forth in the original complaint, and the plaintiff has not suggested any additional facts that he could plead that would rescue any of the claims which the magistrate judge correctly concluded were precluded as a matter of law or failed to state any plausible claim for relief.

B.

In his second objection, the plaintiff argues that the magistrate judge erred in failing to distinguish between the "fraud" relating to the mortgage and foreclosure process alleged in the state

court action and "fraud on the court" alleged in the present complaint, and, if the magistrate judge properly had applied the law, he would have found that the claims for "fraud on the court" are not barred by the *Rooker-Feldman* doctrine. Contrary to the plaintiff's position, the magistrate judge expressly addressed the "fraud on the court" claims and found that this claim (1) was precluded as a matter of law under *Rooker-Feldman* or *res judicata*, (2) seeks relief which the Court has no jurisdiction to grant, and (3) fails to set forth any plausible grounds for relief.

The magistrate judge was correct. The *Rooker-Feldman* doctrine concerns the subject-matter jurisdiction of the district court. *In re Squire*, 617 F.3d 461, 465 (6th Cir. 2010). The doctrine bars "'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Coles v. Granville*, 448 F.3d 853, 857 (6th Cir. 2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005)). The *Rooker-Feldman* doctrine does not "'stop a district court from exercising subject matter jurisdiction simply because a party attempts to litigate in federal court a matter previously litigated in state court.'" *Id.* at 858 (quoting *Exxon Mobil*, 544 U.S. at 293). "If a federal plaintiff presents some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party, then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion." *Ibid.* (quotation marks and alterations omitted). "The Supreme Court made clear in *Exxon Mobil* that the doctrine is confined to those cases exemplified by *Rooker* and *Feldman* themselves: when a plaintiff asserts before a federal district court that a state court judgment itself was unconstitutional or in violation of federal law." *McCormick v. Braverman*, 451 F.3d 382 (6th Cir. 2006). "In such a situation, the plaintiff seeks appellate review

of the state court judgment, and the federal district court has no subject matter jurisdiction over such an action." *Ibid.* "Appellate review — the type of judicial action barred by *Rooker-Feldman* — consists of a review of the proceedings already conducted by the 'lower' tribunal to determine whether it reached its result in accordance with law." *Coles*, 448 F.3d at 858.

"[T]he pertinent inquiry after *Exxon* is whether the 'source of the injury' upon which plaintiff bases his federal claim is the state court judgment, not simply whether the injury complained of is 'inextricably intertwined' with the state-court judgment." *Kovacic v. Cuyahoga County Dep't of Children & Family Servs.*, 606 F.3d 301, 309 (6th Cir. 2010) (citing *McCormick*, 451 F.3d at 393-95). In order to determine whether the plaintiff's complaint seeks appellate review of a state court decision or asserts an independent claim for relief, the federal court must examine "the source of the injury the plaintiff alleges in the federal complaint." *McCormick*, 451 F.3d at 393. "*Rooker-Feldman* focuses on whether the state court decision caused the injury," and the "court cannot determine the source of the injury without reference to the plaintiff's request for relief." *Berry v. Schmitt*, 688 F.3d 290, 299 (6th Cir. 2012) (quotation marks and alterations omitted).

As the magistrate judge noted, although the plaintiff cited a wide range of state and federal statutes and case law as premises for his claims of various statutory and regulatory violations, all of the claims raised in the complaint revolve around three basic sets of allegations asserting: (1) numerous procedural wrongs and "fraud" concerning the issuance, servicing, recording, and transfer of the mortgage and note, as well as the ensuing foreclosure and sheriff's sale process, including the entry of the judgment of possession, and the denial of the plaintiff's appeal to the state circuit court; (2) "fraud on the court" based on the filing of a single proof-of-service document relating to the plaintiff's post-judgment appeal by attorney Jong Ju Chang (counsel for defendant DLJ in the state

court proceedings); and (3) "failure to disclose" knowledge of the preceding conduct on the part of other defendants by defendants Lor and Yang, the individuals who eventually purchased the home after the completed foreclosure and sheriff's sale.

As a matter of law, the Court lacks subject matter jurisdiction to address any of the pre-judgment claims that, in substance, seek to challenge the propriety of the mortgage, its issuance, servicing, and assignment, the litigation and entry of the judgment of possession, and the affirmance of the judgment on appeal, by the state courts. It is plain from the prayer in the complaint that the injury about which the plaintiff complains is the state court judgment itself. None of the relief the plaintiff demands could be granted absent a determination by this Court vacating the judgment of possession entered in the eviction proceeding, and that is exactly the sort of appellate review of a state court judgment that *Rooker-Feldman* prohibits. The complaint seeks damages premised on the taking of possession of the home and its contents by the lender and the eventual third-party purchasers after the foreclosure sale, as well as recision of the mortgage, return of payments made, and punitive damages for alleged "fraud" during the lending and foreclosure process. None of that relief could be granted as long as the state judgment of possession in favor of the lender stands, and this Court therefore lacks jurisdiction to consider any of the claims relating to alleged improprieties during the state court proceedings — up to and including the entry of judgment and dismissal of the plaintiff's appeal.

C.

In his third objection, the plaintiff argues that the magistrate judge erred in concluding that the present claims are barred by the doctrine of *res judicata*, because the claims raised in the present action were not identical to those raised in the state court eviction proceedings. However, the

plaintiff fails to address the finding of the magistrate judge that his various related claims are precluded under the law of "claim preclusion," whether or not they actually were raised in the state court proceeding, because they could or should have been raised in that action, in which the plaintiff and his mortgage lender also were parties, and which resulted in a final judgment of possession in favor of the lender and against the plaintiff.

The plaintiff's numerous related claims (e.g., violation of the Fair Debt Collection Practices Act, "FTC Rules," and related state laws) all are precluded as a matter of law, whether or not they were raised in the state court eviction proceedings, because all of the elements of claim preclusion plainly are satisfied with regard to these claims. "Claim preclusion is the doctrine by which a final judgment on the merits in an action precludes a party from bringing a subsequent lawsuit on the same claim or raising a new defense to defeat a prior judgment. It precludes not only relitigating a claim previously adjudicated; it also precludes litigating a claim or defense that should have been raised, but was not, in the prior suit." *Mitchell v. Chapman*, 343 F.3d 811, 819 (6th Cir. 2003). The Sixth Circuit has identified four elements of claim preclusion: (1) the prior decision was a final decision on the merits; (2) the former and present actions are between the same parties or those in privity with them; (3) the claim in the present action could or should have been litigated in the prior action; and (4) an identity exists between the prior and present actions. *Ibid.* Privity exists where a party to the second action is a successor in interest to a party in the prior action, a nonparty who controlled the original suit, or a nonparty who was adequately represented by a party to the prior action. *Becherer v. Merrill Lynch, Pierce, Fenner, and Smith, Inc.*, 193 F.3d 415, 422 (6th Cir. 1999).

Here, the state court proceedings resulted in a final decision on the merits when the judgment of possession was entered. The plaintiff contends that the appeal was dismissed for "procedural" reasons without reaching the merits, because he failed to file a brief in support of his appeal. That argument is both immaterial as to the preclusive effect of the judgment of possession and incorrect as a matter of law, because it is well established that dismissal for insufficiency of pleadings is a decision on the merits. *See Guzowski v. Hartman*, 849 F.2d 252, 255 (6th Cir. 1988) (acknowledging that "[i]t is well established that the sustaining of a motion to dismiss for insufficiency of the complaint serves as an adjudication on the merits unless the court specifies otherwise").

Next, this action and the state court proceeding involved the plaintiff and one of the present defendants, DLJ Mortgage Capital, Inc., and the remaining added parties in the present case all are DLJ's predecessors or successors in interest, or its agents, including attorneys.

In addition, all of the procedural and substantive defects in the lending and foreclosure process that the defendant alleges in his present complaint could or should have been raised during the state court eviction action (and, as the magistrate judge points out, many of them actually were raised).

Finally, there is an identity between the former and present actions because the plaintiff seeks, among other things, relief under Rule 60(b) to the extent of vacating the judgment of possession in favor of his lender, as well as a litany of damages, all of which stem from the allegedly wrongful taking of possession based upon that judgment. None of that relief could be granted without relitigating the substance of the state court's determination that the lending and foreclosure

-10-

process was proper and that the lender was entitled to possession of the home because the plaintiff failed to pay the debt that he owed.

The magistrate judge correctly interpreted the claims that the plaintiff attempted to set forth in his original and amended pleadings, and applied the governing law properly.

D.

In his fourth objection, the plaintiff reiterates in part his argument that his present claims are not barred by *Rooker-Feldman*. He further contends that the magistrate judge erred in concluding that the "independent action" claims under Rule 60(b) must be dismissed for lack of subject matter jurisdiction. Although the magistrate judge correctly concluded that there is no basis for the Court to exercise subject matter jurisdiction over an "independent action" under Rule 60, the point is immaterial because, whatever the alleged basis for jurisdiction, whether it exists or not, the plaintiff still has failed to plead any plausible claim that is not precluded as a matter of law.

The plaintiff's fraud-on-the-court claims based upon attorney Jong Ju Chang's alleged filing of a "false affidavit" in the form of a proof of service docketed in the appeal to the state circuit court are precluded under *Rooker-Feldman* and devoid of merit. The plaintiff alleges that attorney Chang filed an affidavit stating that he served a copy of his motion for an order to show cause why the appeal should not be dismissed by mailing a copy of the motion to the plaintiff at the address reflected on the state court docket (the address of the foreclosed home, which the plaintiff does not dispute he used on the initial papers when he filed his appeal). As the magistrate judge correctly noted, the plaintiff has cited no authority for his claim that attorney Chang had any duty to apprise the state court of the plaintiff's change in residence or to serve papers in the appeal proceedings on the plaintiff at any address other than that shown in the court records. Moreover, the plaintiff has

-11-

offered no plausible explanation for how Chang's filing of the certificate of service prevented him from timely filing a brief in support of his appeal, which would have prevented the alleged frustration of his appeal rights.

If the plaintiff wanted to pursue his objections to the propriety of the dismissal of his appeal, then his remedy would have been to file an application for leave to appeal the dismissal in the Michigan Court of Appeals, Mich. Ct. R. 7.203(A)(2), and if he failed to obtain satisfaction there to appeal further, upon leave granted, to the Michigan Supreme Court, Mich. Ct. R. 7.301(A)(2). If he desired then to seek final review in a federal forum, the proper avenue would be a petition for certiorari to the Supreme Court, not a civil action in this Court. *Kovacic v. Cuyahoga Cnty. Dep't of Children & Family Servs.*, 606 F.3d 301, 309 (6th Cir. 2010) ("The *Rooker–Feldman* doctrine, as it has become known, is based on the negative inference that, if appellate court review of . . . state judgments is vested in the Supreme Court, then it follows that such review may not occur in the lower federal courts.").

Nor is the plaintiff's "due process" claim viable. As the magistrate judge observed, the complaint makes various passing references to actions motivated by "race," and he alleges, with little elaboration, sundry violations of his "due process" rights under various federal statutes and constitutional provisions. However, the complaint does not plead with any specificity the statutory or constitutional basis for those claims, and there is none evident in the amended complaint.

Moreover, to the extent that the plaintiff's undeveloped allegations that the defendants violated his "civil rights" may be construed as attempting to state a claim under 42 U.S.C. § 1983, those claims lack merit because the plaintiff has not alleged that any of the named defendants were "state actors." In order for liability to attach under section 1983, "the party charged with the

deprivation must be a person who may fairly be said to be a state actor. This may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). "Private persons, jointly engaged with state officials in the prohibited action, are acting 'under color of law' for purposes of the statute. To act 'under color of law' does not require that the accused be an officer of the State. It is enough that he is a willful participant in joint activity with the State or its agents." *Id.* at 941 (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)) (quotation marks omitted). The plaintiff has failed to advance any plausible explanation of how, if at all, any of the defendants, as private mortgage lenders or their attorneys, or as subsequent third-party purchasers of the foreclosed home, participated in any "joint activity" with state officials. Likewise, he has pleaded no facts to show that any of the defendants were performing any public function, that they operated under the control of state officials, or that they did anything more than engage in purely private litigation and real estate transactions.

The complaint fails to state any plausible claim for relief against individual defendants Night Lor and Maiya O. Yang premised upon the violation of a purported "duty to disclose" the supposedly wrongful acts of the other defendants during the state court eviction proceedings or the subsequent sale of the home. The plaintiff has cited no authority that supports his contention that defendants Lor and Yang, as subsequent buyers of the home after the completed eviction, had any "duty to disclose" anything to the plaintiff as a former mortgagor and owner of the property before the foreclosure. Because those defendants had no duty to the plaintiff to disclose anything, they cannot be liable to him for any alleged failure to do so. Moreover, as the magistrate judge correctly noted, the plaintiff could not maintain such a claim against any other party, because he is precluded

from relitigating the question whether any "fraud" actually occurred — a question which the state courts conclusively (and preclusively) answered in the negative.

The undeveloped allegations of a "conspiracy" between the defendants fail to state any plausible claim for relief, principally because, for the reasons discussed above, and due to the preclusive effect of the state judgment, the plaintiff cannot plausibly plead or prove that any of the defendants committed an independent wrong that could form the necessary predicate for civil conspiracy. "[A] claim for civil conspiracy may not exist in the air; rather, it is necessary to prove a separate, actionable, tort." *Petroleum Enhancer, LLC v. Woodward*, 690 F.3d 757, 769 (6th Cir. 2012) (quoting *Early Detection Ctr., P.C. v. N.Y. Life Ins. Co.*, 157 Mich. App. 618, 632 403 N.W.2d 830, 836 (1986)) (quotation marks omitted).

The equally vestigial "RICO" claims in the complaint likewise fail to set forth any plausible ground on which relief could be granted, because (1) the plaintiff has not alleged any facts to show that the defendants participated in any "enterprise"; and (2) he has not pointed to any course of conduct that could establish a "pattern of activity" carried out by the defendants. To state a claim under the Racketeer Influenced Corrupt Organizations (RICO) Act, the plaintiff must plead "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985) (footnote omitted); *see also Moon v. Harrison Piping Supply*, 465 F.3d 719, 723 (6th Cir. 2006).

*First*, the plaintiff has failed to plead any facts to satisfy the "enterprise" element, which requires him plausibly to allege: "(1) an ongoing organization with some sort of framework or superstructure for making and carrying out decisions; (2) that the members of the enterprise functioned as a continuing unit with established duties; and (3) that the enterprise was separate and

distinct from the pattern of racketeering activity in which it engaged." *Ouwinga v. Benistar 419 Plan Servs., Inc.*, 694 F.3d 783, 794 (6th Cir. 2012). The plaintiff's allegations are insufficient as a matter of law to support the "enterprise" element of a RICO claim, because he has alleged nothing more than that the defendants, at various times, did certain things that related to the mortgage, foreclosure, sheriff's sale, and eventual third-party sale of the foreclosed home. He has not pleaded any facts to show that the defendants, or any of them, functioned as members of an "ongoing organization" or "continuing unit with established duties," or that any "framework . . . for making and carrying out decisions" existed among them.

*Second*, the plaintiff has failed plausibly to allege any "pattern of activity," which requires that he show at least two predicate acts within ten years of each other. *Brown v. Cassens Transp. Co.*, 546 F.3d 347, 354 (6th Cir. 2008) (citing *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 238-43)). He also "must show 'that the racketeering predicates are related, *and* that they amount to or pose a threat of continued criminal activity.'" *Ouwinga v. Benistar 419 Plan Servs., Inc.*, 694 F.3d 783, 795 (6th Cir. 2012) (quoting *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 237 (1989). None of the facts alleged in the complaint suffice to establish that any of the individual acts taken by the various defendants were more than serendipitously related, or that anything about those acts suggests a "threat of continued criminal activity." Moreover, the plaintiff has not alleged the commission of any acts other than the limited conduct related to the mortgaging, foreclosure, and sale of the lone property at issue in the state court eviction case.

E.

In his fifth objection, the plaintiff embarks on an extended argument relating to personal jurisdiction under the Michigan "long arm" statute, Mich. Comp. Laws § 600.705, contending that

it is undisputed that the defendants had "sufficient minimum contacts" with the State of Michigan to give this Court jurisdiction over his claims. None of the defendants objected to the exercise of personal jurisdiction (to be distinguished from subject matter jurisdiction, discussed above) by the Court in this case, and the plaintiff has cited no authority for the novel proposition that the existence of personal jurisdiction over a defendant suffices to establish either that the Court has subject matter jurisdiction over the claims pleaded in the complaint, or that insufficiently pleaded or precluded claims may proceed notwithstanding the dispositive preclusion of those claims under the doctrines of *Rooker-Feldman* and claim preclusion.

F.

In his sixth (un-numbered) objection, the plaintiff reiterates his argument that the original complaint stated a plausible claim for relief based on "fraud upon the court," and that, in any event, the magistrate judge's recommendation to dismiss the original complaint is "moot" because "the filing of the amend[ed] complaint renders the original null and void." This objection is immaterial principally because the magistrate denied the plaintiff's motion for leave to file his proposed second amended complaint. Moreover, the magistrate judge denied the motion for leave to amend because the proposed second amended complaint did no more to set forth any plausible claim for relief than either the original or first amended complaints, and the claims set forth therein therefore equally would have been subject to dismissal on the merits.

III.

The Court, after giving fresh review to the defendants' motions to dismiss and motion for judgment on the pleadings, in light of the magistrate judge's reports and recommendations and the plaintiff's objections, finds that the magistrate judge reached the correct result. Likewise, in light

of that disposition, the Court finds that the plaintiff cannot succeed on his motion for summary judgment.

Accordingly, it is **ORDERED** that the plaintiff's objections [dkt. #102, 112] are **OVERRULED**, and the magistrate judge's reports and recommendations [dkt. #85, 111] are **ADOPTED.**

It is further **ORDERED** that the defendants' motions to dismiss [dkt. #47, 48, 72] and motion for judgment on the pleadings [dkt. #88] are **GRANTED**.

It is further **ORDERED** that the plaintiff's motion for summary judgment [dkt. #66] is **DENIED**.

It is further **ORDERED** that the case is **DISMISSED WITH PREJUDICE**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: March 11, 2015

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 11, 2015.

s/Susan Pinkowski
SUSAN PINKOWSKI